IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 067 CR 819 |
| | ) | Judge Leinenweber |
| PATRICE OLIVER, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT PATRICE OLIVER'S MOTION FOR DISCOVERY**

**NOW COMES DEFENDANT,** PATRICE OLIVER, by and through her attorney, J. Clifford Greene, Jr., and moves this Court pursuant to Rule 16 of the Federal Rules of Criminal Procedure and Local Rule 16.1 and all other applicable rules and statutes, for the Government to disclose immediately any previously undisclosed evidence or information in its possession, custody, or control, the existence of which is known, or by the exercise of due diligence may become known, which is favorable to the defendant and is material to the issues of her guilt, innocence, or sentencing, or which bears upon the credibility of a Government witness, or which consists of documents or tangible objects which are material to the preparation of the defense or are intended for use by the Government as evidence at trial.  The Discovery requested herein includes, but is not limited to the following:

**DEFENDANT'S STATEMENTS**

All copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the Government intends to offer in evidence at trial; any

response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the Government agents; any response to any **Miranda** warnings which may have been given to the defendant. U.S. v. McElroy, 697 F.2d 459 (2d Cir. 1982); and any other statements by the defendant that are discoverable under Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure.  The Advisory Committee Notes as well as the 1991 amendments to Rule 16 make it clear that the Government must reveal all the defendant's statements, whether oral or written, regardless of whether the Government intends to introduce those statements;

**WITNESSES**

The criminal identification and history sheet of each Government witness, documentation of any criminal charges pending against any Government witness which have not been disposed of either by conviction or acquittal, identification of any criminal activity in which a Government witness has engaged which has not resulted in prosecution or conviction, and any documentation regarding the mental health history or present mental health conditions of any Government witness.

The name, last known address and statement or memorandum of interview,, if any, of any individual whose testimony would contradict or be inconsistent with the expected testimony of any witness for the Government, regardless of whether the Government intends to call such person as a Government witness.

Any documentary evidence, or information which contradicts, or is inconsistent with the expected testimony of any witness for the Government.

Any prior statements of a witness for the Government which are inconsistent with his or her expected testimony.

The name, address and statement or memorandum of interview, if any, of any individual who has been interviewed by the Government who had knowledge of the activity alleged in the Indictment or was present when the events in question occurred and who failed to implicate the defendant in this activity.

The name, last known address and statement, grand jury testimony, or memorandum of interview, if any, of any individual whose testimony would be favorable to the defendant in any way or consistent with the defendant's innocence.

Any grants of immunity, favors, or promises of any kind made to a witness in connection with obtaining his or her testimony. This includes any plea agreement entered into between the Government and the witness pursuant to which, or as a result of which, the witness is testifying against the accused in this case or on behalf of the Government at any other trial, grand jury or other proceeding, or, if furnishing data or information to the Government.

An accounting of any money paid to any witness by the Government including, but not limited to, rewards, subsistence payments, expenses or payments made for specific information supplied to the Government.

Any assistance provided by any attorney or any agent of the Government to a witness for any reason;

**ARREST REPORTS, TAPES AND NOTES**

The defendant specifically requests that all arrest reports, notes, and dispatch or any other tapes that relate to the circumstances surrounding her arrest or any questioning, if such reports have not already been produced, in their entirety be tendered to her. This request includes, but is not limited to, any rough notes, records, reports, transcripts, or other documents in which statements of the defendant or any other discoverable materials in contained. Fed.R.Crim.P 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). See also U.S. v Johnson, 525 F.2d 999 (2d Cir. 1975); U.S. v. Lewis, 511 F.2d 798 (D.C. Cir. 1975); U.S. v. Pilnick, 267 F.Supp. 791 (S.D.N.Y. 1967); Loux v. U.S., 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Defendant are available under Fed.R.Crim.P. 16(a)(1)(B) and (C), Fed.R.Crim.P. 26.2 and 12(i);

**REPORTS OF SCIENTIFIC TESTS OR EXAMINATIONS**

Pursuant to Fed.R.Crim.P.19(a)(1)(F), defendant requests the reports of all tests and examinations conducted upon the evidence in this case that is within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the Government, and which are material to the preparation of the defense or which are intended for use by the Government as evidence in its case in chief at trial;

**BRADY MATERIAL**

The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt, and or, which affects the credibility of the Government's case. Impeachment as well as exculpatory evidence fall within Brady's definition of evidence favorable to the accused. <u>U.S. v Bagley</u>, 473 U.S. 667 (1985); <u>U.S. v Agurs</u>, 427 U.S. 97 (1976).

                                        Respectfully submitted,

                                        s/J. Clifford Greene, Jr.

                                        Attorney for Defendant.

**LAW OFFICE OF**
**J. CLIFFORD GREENE, JR.**
**53 W. Jackson Blvd., Suite 1304**
**Chicago, Illinois  60604**
**Tel:(312) 663-1400**
**Fax:(773)-890-7966**
**Email: jcliffordgreene@msn.com**