UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 819 |
| vs. | ) | |
| | ) | Judge Harry D. Leinenweber |
| PATRICE K. OLIVER | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS
FOR DISCOVERY AND EARLY RETURN OF TRIAL SUBPOENAS**

The United States of America, through its attorney, Patrick J. Fitzgerald, respectfully responds to defendant Patrice K. Oliver's Motions for Discovery and the Issuance of Rule 17(c) Subpoenas and Early Return thereof as follows:

**I.     Motion for Discovery**

    **A.     *Rule 16 Materials***

To the extent that defendant Oliver's motion requests the government to disclose discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure and Local Rule 16.1, the motion should be denied as moot. The government acknowledged its obligations under Rule 16 and Local Rule 16.1 in three earlier letters sent to defendant's counsel regarding discovery, and has already produced or made available for inspection all Rule 16 materials, which are currently in its possession and control. *See United States v. Balogun*, 971 F. Supp. 1215, 1244 (N.D. Ill. 1997) (the defendant had sufficient information to file motions to suppress where government turned over all materials in its possession).

    **B.     *Disclosure of Favorable Evidence and Impeachment Evidence***

Defendant requests that this Court direct the government to turn over various materials pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). The government acknowledges its ongoing duty to disclose evidence favorable to the

defendant in this case and will produce any such evidence promptly should it come into the government's possession. Courts have held that this acknowledgment alone is a sufficient basis upon which to deny defendant's motion. *See United States v. Sims*, 808 F. Supp. 607, 614 (N.D. Ill. 1992) (motion to produce *Brady* material denied as moot in light of government's acknowledgment of awareness of its *Brady* obligations). At this time, the government is not aware of any evidence which would fall within the purview of *Brady*.

The government also acknowledges its duty to produce *Giglio* materials to defendant in this case.[1] The government will honor its obligation under *Giglio* to provide defendant with any documents reflecting any agreement it has with witnesses at defendant's trial or any evidence bearing on any witness's credibility by producing this evidence within a reasonable time period so as not to prevent the defendant from receiving a fair trial. *See Kompare v. Stein*, 801 F.2d 883, 890 (7th Cir. 1986). The district courts in this circuit "have repeatedly held that where the government has made assurances it will comply with *Brady* and *Giglio*, those assurances are sufficient." *United States v. Hoover*, No. 95 CR 508, 1997 WL 80947, at *1 (N.D. Ill. Feb. 20, 1997) (internal quotations and citations omitted); *see United States v. Silesia Flavorings, Inc.*, No. 03 CR 851, 2004 WL 419904, at *6 (N.D. Ill. Mar. 1, 2004).[2] With regard to both Defendant Oliver's request for *Brady* and *Giglio*

---

[1] The government need not produce *Giglio* material until trial as long as defendant is not prevented from receiving a fair trial. *See Kompare v. Stein*, 801 F.2d 883, 890 (7th Cir. 1986); *United States v. Marquez*, 686 F. Supp. 1354, 1357-58 (N.D. Ill. 1988). *Giglio* information requires little or no warning to be used effectively, and therefore need not be produced far in advance. *See United States v. Rinn*, 586 F.2d 113, 119 (9th Cir. 1978). To require otherwise would have the effect of giving defendant advance disclosure of the government's witness list, to which she is not entitled. *See United States v. Callahan*, 534 F.2d 763, 765 (7th Cir. 1976).

[2] The government's acknowledgment of its obligations under *Brady* and *Giglio* should not be interpreted as a stipulation to provide Defendant with all of the materials requested in her motion for favorable or exculpatory evidence. Rather, the government will abide by the law in this Circuit and will provide defendant with all materials to which she is entitled.

materials, the motion should be denied as moot.

### II.    Motion for Issuance of Rule 17(c) Subpoenas and Early Return thereof

The government has no objection to defendant's motion for the issuance of Rule 17(c) subpoenas and early return thereof should be granted, so long as the government is similarly granted leave to obtain early return of its trial subpoenas.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

by:    /s/ Halley B. Guren
HALLEY B. GUREN
Assistant United States Attorney
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-5300

-4-

**Certificate of Service**

The undersigned Assistant United States Attorney hereby certifies that the *Government's Response to Defendant's Motions for Discovery and Issuance of Rule 17(c) Subpoenas and Early Return Thereof* was served on February 22, 2008, in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

/s/ Halley B. Guren
HALLEY B. GUREN
Assistant United States Attorney