**FILED**

MAR 2 7 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | **JUDGE LEINENWEBER** |
| ) No. 07 CR 819 | |
| v. ) | |
| ) Violations: Title 18, United States Code, | |
| LATISHA BENNETT, ) Sections 371, 2113(b) and 2. | |
| PATRICE K. OLIVER, and ) | |
| PAMELA HAMILTON ) **SUPERSEDING INDICTMENT** | |

<u>**COUNT ONE**</u>   **MAGISTRATE JUDGE NOLAN**

The SPECIAL JUNE 2007 GRAND JURY charges:

1. At times material to this indictment:

    a. The deposits of the TCF Bank, located at 601 West 14th Street, Chicago Heights, Illinois, (hereinafter "TCF Bank") were insured by the Federal Deposit Insurance Corporation.

    b. The TCF Bank was located inside an Ultra Foods grocery store.

    c. Defendant LATISHA BENNETT was the assistant manager of the TCF Bank.

2. Starting at least as early as on or about December 4, 2007 and lasting until at least on or about December 5, 2007, at Chicago Heights, in the Northern District of Illinois, Eastern Division,

    LATISHA BENNETT,
    PATRICE OLIVER, and
    PAMELA HAMILTON,

defendants herein, did conspire with each other to take and carry away, with the intent to steal and purloin, money exceeding $1,000 in value belonging to, and in the care, custody, control, management, and possession of, the TCF Bank, located at 601 West 14th Street, Chicago Heights,

1

Illinois, (hereinafter "TCF Bank") the deposits of which were then insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Sections 2113(b) and 2;

3. It was part of the conspiracy that defendants BENNETT, OLIVER, and HAMILTON agreed to divide the proceeds of the bank theft.

4. It was further part of the conspiracy that HAMILTON went to the Ultra Foods grocery store the night of the bank theft to act as a look out.

5. It was further part of the conspiracy that BENNETT and OLIVER entered the TCF Bank when the TCF Bank was closed.

6. It was further part of the conspiracy that BENNETT and OLIVER took, carried away, and stole money, totaling approximately $130,000, from the vault of the TCF Bank.

7. It was further part of the conspiracy that BENNETT, OLIVER and HAMILTON agreed to conceal and hide the existence, purposes and acts done in furtherance of the conspiracy.

### Overt Acts

8. In furtherance of, and to effect the objects of, the conspiracy, defendants BENNETT, OLIVER, and HAMILTON committed the following overt acts:

    a. On or about December 5, 2007, defendant HAMILTON went to the TCF Bank to determine whether other employees of the TCF Bank were still there and whether BENNETT and OLIVER could enter the TCF Bank without being observed by other employees of the TCF Bank.

    b. On or about December 5, 2007, defendants BENNETT and OLIVER entered the TCF Bank and stole approximately $130,000 from the bank's vault.

      d.      On or about December 5, 2007, after the theft, defendants BENNETT, OLIVER, and HAMILTON traveled to HAMILTON's residence where they divided the proceeds of the bank theft among themselves.

      All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

The SPECIAL JUNE 2007 GRAND JURY further charges:

On or about December 5, 2007, at Chicago Heights, in the Northern District of Illinois, Eastern Division,

>    LATISHA BENNETT,
>    PATRICE OLIVER, and
>    PAMELA HAMILTON,

defendants herein, did take and carry away, with the intent to steal and purloin, money exceeding $1,000 in value, namely, approximately $130,000, belonging to, and in the care, custody, control, management, and possession of, the TCF Bank, located at 601 West 14th Street, Chicago Heights, Illinois, the deposits of which were then insured by the Federal Deposit Insurance Corporation;

In violation of Title 18, United States Code, Sections 2113(b) and 2.

## FORFEITURE ALLEGATION

The SPECIAL JUNE 2007 GRAND JURY further charges:

1. The allegations of Counts One and Two of this superseding indictment are realleged and incorporated here by reference as if fully restated herein for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c).

2. As a result of the violation of Title 18, United States Code, Section 2113(b), as alleged in this superseding indictment,

>    LATISHA BENNETT,
>    PATRICE OLIVER, and
>    PAMELA HAMILTON,

defendants herein, have subjected to forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c), the following property and interests:

    a. All property constituting, and derived from, and traceable to, proceeds obtained, directly or indirectly, as a result of the defendants' violation of Title 18, United States Code, Section 2113(b).

    b. All property that is used to facilitate, and is intended to be used to facilitate the commission of the defendants' violation of Title 18, United States Code, Section 2113(b).

3. The interests of the defendants subject to forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c), include, but are not limited to, one 2001 Chevy Impala, VIN #

5

2G1WH55K619143593, and approximately $130,000, including funds seized separately in the amounts of $39,960, from defendant BENNETT, $14,100.74 from defendant OLIVER, and $28,000 from defendant HAMILTON.

    4.    If any of the property or funds described above as a result of any act or omission of the defendants:

    a.    Cannot be located upon the exercise of due diligence;

    b.    Has been transferred or sold to, or deposited with, a third party;

    c.    Has been placed beyond the jurisdiction of the court;

    d.    Has been substantially diminished in value; or

    e.    Has been commingled with other property which cannot be subdivided without difficulty;

It is the intent of the United States, pursuant to provisions of Title 21, United States Code, Section 853(p), to seek forfeiture of substitute property belonging to the defendants;

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY